Matthew Farley, Esq.
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
(212) 248-3140
Attorneys for Defendant Financial Industry Regulatory Authority, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE GREGORY BUSCETTO,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>    Defendant. | Civil Action No. _____<br><br>CIVIL ACTION<br><br>NOTICE OF REMOVAL OF A CIVIL ACTION TO THE UNITED STATES DISTRICT COURT |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-captioned matter from the Superior Court of New Jersey – Chancery Division: Mercer County to this United States District Court for the District of New Jersey, on the ground that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support thereof, FINRA respectfully avers as follows:

**Grounds for Removal**

1.  On September 14, 2011, Plaintiff Bruce Gregory Buscetto ("Buscetto") filed a Complaint in the Superior Court of New Jersey – Chancery Division: Mercer County captioned <u>Bruce Gregory Buscetto v. Financial Industry Regulatory Authority</u>, Docket No. MER-C-60-11

("state court action").

2. The crux of Buscetto's complaint (the "Complaint") is to expunge and/or vacate a final disciplinary action imposed against him by FINRA pursuant to its regulatory authority provided by the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.§ 78a et seq., and to restrain FINRA from carrying out its duties under federal law in enforcing and reporting that disciplinary action.

3. The Complaint specifically attacks the validity and merits of a permanent bar order imposed by FINRA against Buscetto, pursuant to an Order Accepting Offer of Settlement entered into between FINRA and Buscetto on July 11, 2000. In the state court action, Buscetto seeks a "judgment vacating the July 11, 2000 Order which bans Plaintiff from the securities industry." *See* Complaint, ¶47.

4. FINRA is a self-regulatory organization registered with the SEC as a national securities association pursuant to the Maloney Act amendments to the Exchange Act, 15 U.S.C. § 78a, et seq. Pursuant to authority vested by the Exchange Act, FINRA has an obligation to regulate and the authority to discipline its members. 15 U.S.C. § 78o-3(b) and (h). *See also, e.g., First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3d Cir. 1979), *cert denied* 444 U.S. 1074, 100 S. Ct. 1020 (1980); *D.L. Cromwell Inv., Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 157 (2d Cir. 2002), *cert denied*, 537 U.S. 1028 (2002). The FINRA Code of Procedure, which has been approved by the SEC, governs FINRA disciplinary proceedings against securities firms and their representatives. *See* 15 U.S.C. §§ 78s(b) and (c). FINRA's rules "are part of the apparatus of federal securities regulation." *Kurz v. Fidelity Management & Research Co.*, 556 F.3d 639, 641 (7th Cir. 2009). The Exchange Act also provides that the exclusive judicial remedy for complaints arising from FINRA disciplinary proceedings lies in the United States

Court of Appeals following appeal to the Securities Exchange Commission.  15 U.S.C. § 78y; *see also, e.g., First Jersey Securities*, 605 F.2d at 694-696 ("the doctrine of exhaustion of administrative remedies applies with equal force to the disciplinary proceedings of the NASD").

5. The Exchange Act also mandates that FINRA "establish and maintain a system for collecting **and retaining** registration information[.]"  15 U.S.C. § 78o-3(i)(1)(A)(emphasis added).  "Registration Information" is defined in the Exchange Act to include "disciplinary actions, regulatory, judicial, and arbitration proceedings, and other information required by law, or exchange or association rule[.]"  15 U.S.C. § 78o-3(i)(5).  In the state court action, Buscetto seeks a dispensation from this federal mandate.  *See* Complaint, ¶41 ("Plaintiff seeks a judgment expunging reference to his bar from the financial industry from the CRD").

6. This action may be removed to this Court by FINRA pursuant to 28 U.S.C. § 1441 because this is a civil action over which this Court has federal question jurisdiction pursuant to the provisions of 28 U.S.C. § 1331.  Section 27 of the Exchange Act, 15 U.S.C. § 78aa, vests in federal courts exclusive jurisdiction for violations of the Exchange Act or the rules and regulations thereunder, and for "all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange] Act or the rules or regulations thereunder."  Any claim arising under the Exchange Act is within the exclusive jurisdiction of the federal courts.

7. As set forth above, all of Buscetto's claims "arise under" federal law within the meaning of 28 U.S.C. § 1331, and removal is thus proper under 28 U.S.C. § 1441.

8. Venue is proper in this district under 28 U.S.C. § 1441 because this district embraces the place where the removed action has been pending.

**Timeliness of Removal**

9. FINRA has timely filed this Notice of Removal within 30 days of its receipt,

through service or otherwise, of a copy of the initial pleading herein (the Complaint), in accordance with 28 U.S.C. § 1446(b).  FINRA was served with the Summons and Complaint herein via hand delivery on September 30, 2011.

10. A copy of all process, pleadings and orders served upon FINRA are attached as Exhibit A to this Notice of Removal, as required by 28 U.S.C. § 1446(a).  Upon information and belief, no other pleadings or orders have been entered with regard to any of the papers served or filed in the state court action.

**Notice of Removal to be Given to State Court**

11. FINRA will file a Notice of Filing of this Notice of Removal with the Superior Court of New Jersey – Chancery Division: Mercer County, in the form attached as Exhibit B hereto.

12. Written notice of the filing of the Notice of Removal will be served on Buscetto as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Financial Industry Regulatory Authority, Inc. removes the state court action from the Superior Court of New Jersey – Chancery Division: Mercer County to this Court.

        **DRINKER BIDDLE & REATH LLP**
        Attorneys for Defendant Financial Industry
        Regulatory Authority, Inc.

        By: *s/Matthew Farley*
            Matthew Farley

Dated: October 27, 2011

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                              By:   *s/Matthew Farley*
                                                             Matthew Farley

Dated: October 27, 2011

**CERTIFICATE OF SERVICE**

     I, Matthew S. Barndt, hereby certify that on the date set forth below, I caused true and correct copies of the foregoing Notice of Removal of a Civil Action to United States District Court to be served via first-class mail, postage prepaid, upon the following:

Michael J. Sullivan, Esq.
COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey  07962-1917
*Counsel for Plaintiff*

         By:    *s/Matthew S. Barndt*
                  Matthew S. Barndt

Dated: October 27, 2011