NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                      :
BRUCE GREGORY BUSCETTO,               :
                                      :
            Plaintiff,                :   Civil Action No. 11-6308 (JAP)
    v.                                :
                                      :
FINANCIAL INDUSTRY                    :   **OPINION**
REGULATORY AUTHORITY,                 :
                                      :
            Defendant.                :
_____ :

This matter comes before the Court on Defendant Financial Industry Regulatory Authority's ("FINRA") motion to dismiss Plaintiff Bruce Gregory Buscetto's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). Plaintiff opposes the motion. For the reasons set forth below, FINRA's motion to dismiss will be granted.

**I.   BACKGROUND**[1]

This case emanates from a disciplinary action instituted against Plaintiff over fifteen years ago. On August 16, 1996, the National Association of Securities Dealers[2] ("NASD") filed a complaint against Plaintiff—then a registered securities principal and representative—alleging various violations of the Securities Exchange Act of 1934 ("Exchange Act") and NASD Conduct Rules. Specifically, Plaintiff was alleged to have disregarded his duty of fair dealing with customers, failed to conduct adequate research, and misled customers by making material misrepresentations and omissions in connection with the sale of securities.

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from Plaintiff's Complaint unless otherwise indicated; they do not represent this Court's factual findings.
[2] On July 30, 2007, NASD changed its corporate name to FINRA.

On July 11, 2000, NASD entered an Order accepting Plaintiff's Offer of Settlement to resolve the disciplinary proceeding. Under the terms of the Offer, Plaintiff consented, for purposes of the disciplinary proceeding only and without admitting or denying the allegations, to the entry of the facts and violations contained in the complaint, and acknowledged that he fully understood that the Order would become part of his permanent disciplinary record. By way of the Order, Plaintiff was permanently barred from associating with any NASD member in any capacity.

After the Order was entered, Plaintiff became employed in the healthcare industry. He currently works at SXC HealthSolutions, Inc. ("SXC"), a provider of pharmacy benefit management services. In 2009, SXC began pursuing a business initiative within the State of Florida. As part of that initiative, it sought permission to act as a Third Party Administrator in Florida, and therefore applied for a certificate of authority. However, the Office of Insurance Regulation for the State of Florida advised SXC that it would not approve its application for a certificate of authority out of concern over Plaintiff's background and bar from the securities industry. As a result, Plaintiff was demoted from his position as a corporate officer at SXC to a lower position, Senior Vice President of Sales. Plaintiff alleges that the demotion resulted in lower compensation and less responsibility, and that his reputation and potential ability to move laterally to other companies has been significantly diminished.

On April 13, 2011, Plaintiff filed a Statement of Claim with FINRA, the successor to NASD, seeking to have the information concerning the disciplinary action against him expunged from the Central Registration Depository ("CRD"), a computer database established by FINRA that contains various information about member firms, their current and former representatives, and associated persons. On April 20, 2011, FINRA declined Plaintiff's request. Thereafter, on

September 14, 2011, Plaintiff filed a complaint against FINRA, which was removed to this Court on October 27, 2011.

In his complaint, Plaintiff seeks a judgment expunging reference to his bar from the securities industry and vacating the July 11, 2000 Order that instituted the bar.  He alleges that the relief requested is appropriate because, *inter alia*, it would pose no risk to the public, he continues to suffer collateral consequences as a result of the bar, and a substantial amount of time has elapsed since the bar was instituted in 2000.  On November 3, 2011, FINRA filed the instant motion to dismiss Plaintiff's complaint.  Therein, FINRA argues that Plaintiff has no legal right to the relief he requests, this Court lacks subject matter jurisdiction over Plaintiff's action, no private right of action exists against FINRA under the Exchange Act, and FINRA is entitled to absolute immunity as a regulator.

## II.     STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction.  Challenges to jurisdiction under 12(b)(1) may be either facial or factual.  *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n.3 (3d Cir. 2006).  A facial attack challenges the sufficiency of the pleadings, and the trial court "must consider the allegations of the complaint as true."  *Id.*  However, in a factual attack, plaintiff's allegations are afforded no presumption of truthfulness, *id.*, and the trial court may review evidence outside the pleadings.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  The plaintiff bears the burden of establishing that jurisdiction exists.  *Petruska*, 462 F.3d at 302 n.3.

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50)).

**III.    DISCUSSION**

FINRA is a self-regulatory organization registered with the Securities and Exchange Commission ("SEC").  Under the Exchange Act, one of FINRA's duties is to establish and maintain a system for collecting and retaining "registration information" about member firms and their current and former registered representatives, *see* 15 U.S.C. § 78o-2(i)(1)(A), defined as information about "disciplinary actions, regulatory, judicial, and arbitration proceedings."  15 U.S.C. § 78o–3(i)(5).  FINRA is required to make that information available to the public through an electronic process.  *See* 15 U.S.C.§ 78o-3(i)(1)(B).  To carry out its statutory duties, FINRA established the CRD database and BrokerCheck, an internet resource that the public can use to obtain registration information about current and former representatives.

In the instant case, Plaintiff has failed to establish a legal claim for expunging or vacating his disciplinary record.  As a threshold matter, FINRA is required to continue to maintain and make public the information Plaintiff now seeks to have expunged.  Indeed, as outlined above, FINRA has a duty under the Exchange Act to report "registration information" about current and former securities representatives, which includes information relating to Plaintiff's disciplinary record.  *See* 15 U.S.C. § 78o-3(i)(1)(A)-(B).  Correspondingly, FINRA Rule 8312, approved by the SEC, requires FINRA to permanently publish "final regulatory actions" such as the disciplinary action against Plaintiff.  *See* Order Approving Proposed Rule Change to FINRA BrokerCheck Disclosure, 75 Fed. Reg. 41254-41257 (July 8, 2010)("BrokerCheck allows the public to obtain certain limited information regarding formerly associated persons, regardless of the time elapsed since they were associated with a member, if they were the subject of any final regulatory action.").  In both his Offer of Settlement and the Order accepting that Offer, Plaintiff expressly acknowledged these continuing obligations and the consequences of entering into a

5

settlement, stating that he understood that "the Order will be available through the NASD public disclosure program in response to public inquiries or requests for information about his disciplinary record," and that he "fully understands that this Order will become part of [Plaintiff's] permanent disciplinary record." Farley Cert. Ex. B; Compl., Ex. A.[3] In his Offer, Plaintiff also waived any right "to challenge or contest the validity of the Order issued." Farley Cert. Ex. B.

Furthermore, Plaintiff has not set forth any legal basis for a judgment from this Court expunging reference to his bar from the securities industry or vacating the July 11, 2000 Order instituting that bar. Indeed, in responding to FINRA's motion to dismiss, Plaintiff does not cite any authority that supports imposition of the relief he requests, and even "acknowledges that there is no caselaw directly on point in which a federal district court has ruled that it has the power to consider and order expungement of a final disciplinary Order from the CRD." Pl.'s Opp. Br. at 15. Instead, he argues without support that FINRA Rule 2080, "Obtaining an Order of Expungement of Customer Dispute Information from the Central Registration Depository," expressly contemplates this action. However, as made clear in its title, text, and legislative history, Rule 2080 is limited in application to "customer dispute information" and "disputes with customers." *See* FINRA Rule 2080; Proposed Rule Concerning the Expungement of Customer Dispute Information From the CRD System, 68 Fed. Reg. 11435, 11437 (March 10, 2003)(defining "customer dispute information" as "customer complaints, arbitration claims, and court filings made by customers, and the arbitration awards or court judgments that may result from those claims or filings"); Order Granting Proposed Rule Concerning the Expungement of

---

[3] The Court notes that it can properly consider these documents in addressing FINRA's motion to dismiss. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)(in addressing a motion to dismiss, a court can consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents"); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(in appropriate circumstances, a court can consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss").

Customer Dispute Information From the CRD System, 68 Fed. Reg. 74667 (Dec. 16, 2003). It is not and never has been applied to expunge final FINRA disciplinary actions and records, and Plaintiff fails to identify any authority that provides to the contrary or supports his position. Accordingly, FINRA's motion to dismiss is granted.[4]  *See, e.g. Dobbins v. NASD*, 2007 WL 2407081, at *3 (N.D. Ohio Aug. 22, 2007)(granting NASD's motion to dismiss because plaintiff "failed as a matter of law to establish a legal claim for expungement of his record in the CRD database under the NASD rules").

## IV. CONCLUSION

For the reasons set forth above, FINRA's motion to dismiss is granted. An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 9, 2012

---

[4] Dismissal of Plaintiff's complaint is also warranted because FINRA is entitled to immunity from this action, as it arises from FINRA's exercise of its regulatory functions. *See Lucido v. Mueler*, 2009 WL 3190368, at *7 (E.D. Mich. Sept. 29, 2009), *aff'd*, 427 F. App'x 497 (6th Cir. 2011)(dismissing plaintiff's claims because FINRA's "maintenance and reporting of the information [relating to plaintiff's indictment history] in BrokerCheck falls squarely within it[s] regulatory duties," is required by Rule 8312, and thus FINRA is entitled to absolute regulatory immunity); *Dobbins,* 2007 WL 2407081, at *3 (granting NASD's motion to dismiss because, *inter alia*, "NASD has absolute immunity for its regulatory acts and omissions, and there is no private right of action against the NASD"); *In re Olick*, 2000 WL 354191, at *3-5 (E.D. Pa. Apr. 4, 2000).